# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOSHE ZEINES, | : **Civil Action No. 25-08001-MEF-AME** |
| Plaintiff, | : **ORDER** |
| v. | : |
| NEW JERSEY STATE PAROLE BOARD, et al., | : |
| Defendants. | : |

**THIS MATTER** having come before the Court on the motions to vacate default entered against defendant The Kintock Group ("Kintock") and against defendant Alees Mason ("Mason") [D.E. 26 and 28]; and pro se plaintiff Moshe Zeines ("Plaintiff") having opposed these motions and also filed motions for: (i) entry of default judgment against Kintock [D.E. 25]; (ii) entry of default judgment against Mason [D.E. 20]; (iii) enforcement of default against Mason [D.E. 29]; (iv) a Clerk's entry of default against defendant Sarah Quann ("Quann"), *nunc pro tunc* to July 9, 2025 [D.E. 30];[1] and (v) leave to conduct early discovery [D.E. 31]; and

**WHEREAS** Plaintiff filed this civil rights action on June 9, 2025, alleging he was deprived of constitutional and statutory rights to the free exercise of religion, equal protection of law due to his sexual orientation, and the right to protection from harm while in the custody of defendant New Jersey State Parole Board ("NJSPB") in addiction treatment facilities, which the Complaint alleges were operated by Kintock and/or defendant Volunteers of America Delaware Valley ("VOA"); and

---

[1] The Complaint identifies this defendant as "Quan," but the Court will use the correct spelling of her name, as set forth in her affidavit. *See* D.E. 28-3

1

**WHEREAS** the Complaint asserts claims under 42 U.S.C. § 1983 and various state law causes of action against NJSPB, Kintock, VOA, and two individuals identified as VOA employees, Mason and Quann; and

**WHEREAS**, upon Plaintiff's requests, the Clerk entered default against Kintock on July 1, 2025, and against Mason on July 14, 2025. However, his request for entry of default against Quann was not granted because her Summons was not issued until July 9, 2025; and

**WHEREAS**, thereafter, VOA, Mason, and Quann together sought a Clerk's extension to file a responsive pleading on or before August 5, 2025; and

**WHEREAS**, additionally, Kintock and Mason each moved to set aside the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c). In their respective motions, Kintock and Mason assert they were not properly served and thus argue good cause exists to vacate default; and

**WHEREAS** Kintock maintains that Plaintiff's purported service, by way of leaving the Summons and Complaint with an office administrator named "Sarah Mayer" on June 11, 2025, is defective because no individual by that name is employed by Kintock and such person is not an agent authorized to accept service on Kintock's behalf. Moreover, Kintock asserts there is no record of a process server's delivery to its office on the purported date of service. *See* Wiseman Decl. ¶¶ 6-10; and

**WHEREAS** Mason argues Plaintiff's purported service, by way of leaving the Summons and Complaint with "Ms. Quan, Supervisor" at the VOA facility in Camden on June 17, 2025, is defective because Mason ceased to be an employee of VOA as of September 2024 and Quann is not an authorized agent permitted to accept service on Mason's behalf. *See* Mason Aff. ¶¶ 3-6. Quann also disputes proper service, asserting the Summons and Complaint were not personally

delivered to her but rather left with another coworker at the VOA facility. *See* Quann Aff. ¶¶ 4-6; and

 **WHEREAS**, in opposition to Mason's motion, Plaintiff challenges the factual assertions made by Quann as to delivery of the Summons and Complaint to the VOA facility and moves for leave to conduct discovery before the initial conference under Federal Rule of Civil Procedure 26(f). In that motion, Plaintiff seeks authorization to obtain limited footage from surveillance cameras located at the VOA facility, which he maintains will demonstrate Mason was properly served; and

 **WHEREAS** the Court may, in is discretion, "set aside an entry of default for good cause" Fed. R. Civ. P. 55(c); *see also Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951) (holding that the decision to vacate the entry of default is left to the court's sound discretion); and

 **WHEREAS**, to determine whether there is good cause to set aside default, the Court must consider whether the plaintiff will be prejudiced, whether the defendant has a meritorious defense, and whether the default was the result of the defendant's culpable conduct. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984); and

 **WHEREAS** it is generally favored that default be set aside so that a case may be decided on its merits. *Id.*; *see also Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) ("[W]e reiterate that as a general matter this court does not favor defaults and that in a

close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits."); and

**WHEREAS**, here, the Court has carefully reviewed Kintock's and Mason's motions and finds good cause to set aside the Clerk's entry of default against each of them. Setting aside default is consistent with the policy favoring resolution of a case on its merits. Indeed, in the event the relief sought on its motion is granted, Kintock requests permission to file its responsive pleading by September 5, 2025, and Mason has already filed a motion to dismiss, together with VOA and Quann, in accordance with the Clerk's extension of time to respond to the Complaint. As such, both Kintock and Mason have indicated they stand ready to defend against Plaintiff's claims. Moreover, Plaintiff will not be prejudiced by setting aside default, as this action is in its earliest stages; and

**WHEREAS**, as to Plaintiff's motion for leave to conduct early discovery, it is well-established that, generally, discovery may not commence until the Court holds an initial conference or directs the submission of a written discovery plan in lieu thereof, and thereafter enters a pretrial scheduling order. *See* Fed. R. Civ. P. 16(b) and 26(f); L. Civ. R. 16.1 and 26.1. Yet, the Court may authorize expedited discovery upon the requesting party's demonstration of good cause, informed by the record and the reasonableness of the request based on surrounding circumstances. *See* Fed. R. Civ. P. 26(d); *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 72.76.13.119*, Civ. No. 25-6913, 2025 WL 2312167, at *1-2 (D.N.J. July 8, 2025). Here, Plaintiff has failed to meet that burden. He argues that footage from VOA surveillance cameras will demonstrate his process server visited the facility on June 17, 2025, show which of its employees interacted with the process server, and thereby establish that Mason was properly served. However, it is uncontroverted that Mason's employment with VOA ended

4

in September 2024, and thus the requested discovery would fail to illuminate the question of proper service; and

**WHEREAS**, in view of the foregoing, Plaintiff's motions for entry of default judgment against Kintock and Mason are moot. Additionally, the relief Plaintiff seeks in his motion to "preserve and enforce" default against Mason and his motion for a *nunc pro tunc* entry of default against Quann lacks good grounds and is not warranted; therefore,

**IT IS** on this 14th day of August 2025,

**ORDERED** that Kintock's motion to vacate default and for an extension of time to respond to the Complaint [D.E. 26] is **GRANTED**; and it is further

**ORDERED** that, pursuant to Rule 55(c), the Clerk's entry of default against Kintock shall be set aside. Kintock shall answer, move or otherwise respond to the Complaint on or before September 5, 2025; and it is further

**ORDERED** that Mason's motion to vacate default [D.E. 28] is **GRANTED**; and it is further

**ORDERED** that, pursuant to Rule 55(c), the Clerk's entry of default against Mason shall be set aside. Her August 5, 2025 motion to dismiss the Complaint shall be deemed properly filed; and it is further

**ORDERED** that Plaintiff's motions for entry of default judgment against Kintock [D.E. 25] and for entry of default judgment against Mason [D.E. 20] are **TERMINATED AS MOOT**; and it is further

**ORDERED** that Plaintiff's motion to preserve and enforce default against Mason [D.E. 29] is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for entry of default *nunc pro tunc* as to Quann [D.E. 30] is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for leave to conduct early discovery [D.E. 31] is **DENIED**.

/s/ *André M Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge