UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

M.Z.,

                Plaintiff,

        v.

NEW JERSEY STATE PAROLE BOARD et al.,

                Defendants.

No. 2:25-cv-8001
(MEF)(AME)


**OPINION and ORDER**

\*    \*    \*

For the purposes of this brief Opinion and Order, the Court assumes all-but full familiarity with the facts and procedural history of this case.[1]

\*    \*    \*

Exercising its discretion, the Court will stay consideration of the Plaintiff's application for a preliminary injunction at ECF 73 in favor of the Plaintiff's earlier-filed state court appeal.

\*    \*    \*

The issues raised by the Plaintiff's preliminary injunction application are, by and large, very similar to the issues now being litigated before the state appellate court.  And the relevant state-court appeal was filed by the Plaintiff around 12 months before he filed this federal preliminary injunction application.[2]  Moreover, the state court case is far along --- in terms of the briefing that has been submitted, for example.

---

[1]  The briefing as to this matter is at ECFs 131, 132, 134 and 135.  The briefing became fully submitted 7 days ago, on June 18, 2026.

[2]  The Plaintiff's appeal was filed on December 19, 2024.  See Exhibit B, Parole Defendants' Brief (ECF 78) at 8.  His Motion for Preliminary Injunction was filed on December 9, 2025.  See Notice of Motion for Preliminary Injunction (Rule 65) (ECF 73) at 1.

To be sure, there are some differences between this case and the state case.  But the differences are small in the scheme of things.  And some of the differences --- like the state versus federal difference, and any difference in remedy sought --- are not enough to categorically change the picture, for reasons laid out in Muhammad v. State Farm Indemnity Company, 719 F. Supp.3d 397 (D.N.J. Feb. 28, 2024).

Bottom line: under the first-filed rule, see id., it makes sense to stay the Plaintiff's preliminary injunction application in favor of the Plaintiff's earlier state appeal.

*    *    *

Against this conclusion, the Plaintiff has a counterargument.

He notes that his preliminary injunction motion is only a request for "temporary equitable relief designed to preserve rights and prevent irreparable injury pending final adjudication."  See Plaintiff's Sur-Reply Pursuant to Text Order [D.E.133] (ECF 135) at 2.  And he argues that "[a]ny preliminary injunction entered by this court would be temporary in nature and subject to modification, dissolution, or vacatur," such that its issuance would not affect the state court's ability to reach an independent decision on the merits.  See id.

These are important points.  But they are not persuasive in the end.

The first-filed rule does not exist only to prevent one court from boxing out the other --- by entering a judgment that definitively precludes the other from going forward.

The rule is also there to ensure that judicial time is not wasted --- and to ensure that the parties' time is not wasted either.  See Muhammad, 719 F. Supp.3d at 401-02 (discussing each of these considerations).  And both judicial time and the parties' time would be frittered away if this court and the state court now had to simultaneously take up closely similar issues --- and the Defendants were required to litigate those issues at the same time, here and there.

The first-filed rule also works to prevent "'the judicial embarrassment of conflicting judgments.'"  Id. (quoting E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988)).  Concurrent litigation opens the door to that possibility.

To be sure, it might be argued that a preliminary injunction decision and a merits decision will not always be perfectly "conflicting," no matter how they might turn out.

A preliminary injunction likelihood-of-success decision that favors, say, a plaintiff is not necessarily at odds with a final merits decision that ultimately favors a defendant.  A plaintiff might be the likely winner, which is all that is required as to the merits at the preliminary injunction stage.  But at the end of the road, when the merits are finally resolved, the defendant can still win out.  What was likely at Time-1 (a win for the plaintiff) might not quite come to fruition at Time-2 (when the defendant wins).  And because of all this, there need not always be a "conflict[]," id., between a preliminary decision (for one party) and the ultimate decision (for the other).

But there will often be at least some tension between a preliminary ruling for one side, and a final ruling for the other.  That can still lead to "judicial embarrassment."  Id. And all the more so in a case like this one, where the relevant issues appear to be almost purely legal ones --- and therefore would presumably be addressed similarly at the preliminary injunction stage and at the final merits stage.

*    *    *

This case might have been different if the Plaintiff's federal preliminary injunction application had come soon after he initiated his state-court appeal.  But 12 months is a long time, and real work has been done in the state court.

Moreover, the equities, see id. at 411-12, do not favor going forward now in this Court on the preliminary injunction application.  Among other things, the Plaintiff has presented no reason to think that the status quo will change in the foreseeable future.

The Court hereby exercises its discretion to stay the Plaintiff's ECF 73 preliminary injunction motion.[3]

---

[3] It is possible that this Court's exercise of its discretion might shift at some point depending on the substance (or perhaps pace) of developments before the state appellate court.  Accordingly, the Court will remain attentive to the periodic updates that it previously required, as set out in the final paragraph of the Order at ECF 127.

\*     \*     \*

IT IS on this 25th day of June, 2026, SO ORDERED.

_____
Michael E. Farbiarz, U.S.D.J.